FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y:
★ JUL 2 2 2005 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

          Plaintiff,

   -against-

LISA J. BEAUBIAN,

          Defendant,

MARTIN De PORRE SCHOOL,

          Garnishee.
----------------------------------------X

**MEMORANDUM & ORDER**
**CV-00-0315 (SJF)(RML)**

FEUERSTEIN, J.

    This action was commenced by plaintiff United States of America (plaintiff) to collect a student loan debt owed to it by defendant Lisa J. Beaubian (defendant). On March 31, 2000, a consent judgment was entered in favor of plaintiff and against defendant in the amount of $10,408.84, plus interest in the amount of $4,865.35, for a total of $15,274.19, plus interest at the legal rate. According to plaintiff, defendant is now indebted to it in the amount of $19,107.21, which is the judgment amount plus interest at the rate of 6.197% through April 6, 2005. Plaintiff now seeks an order pursuant to section 3205(c)(7) of the Federal Debt Collection Procedure Act of 1990 (FDCPA), 28 U.S.C. §§ 3001-3308, garnishing the wages of defendant in the amount of twenty-five percent (25%) of her net disposable weekly earnings. Defendant has not opposed or otherwise responded to plaintiff's application.

1

A writ of garnishment (the writ)[1], directed to Martin De Porre School (the garnishee), was duly issued and served upon defendant and the garnishee in accordance with section 3205(c)(3) of the FDCPA. The garnishee has filed and served upon both parties an answer to the writ verifying defendant's employment and indicating that defendant's semi-monthly net disposable earnings[2] are $1496.78. Defendant has not filed timely objections to the answer or requested a hearing pursuant to 28 U.S.C. § 3205(c)(5). Pursuant to the FDCPA, if the debtor fails to timely request a hearing after the garnishee files an answer, the court must "enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." 28 U.S.C. § 3205(c)(7).

Section 3002(9) of the FDCPA defines "nonexempt disposable earnings" as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act [CCPA]." Section 303 of the CCPA provides, in relevant part, that, with certain exceptions not relevant here, "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable, whichever is less. * * *" 15 U.S.C. § 1673(a). Since twenty-five percent (25%) of defendant's weekly disposable earnings is less than the difference between

---

[1] The FDCPA provides, in relevant part, that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

[2] The FSCPA defines "disposable earnings" as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5).

her weekly disposable earnings and thirty times the minimum wage,[3] that is the maximum part of defendant's net disposable earnings subject to garnishment.

As defendant has not timely filed any objections, requested a hearing, or provided any reason for garnishment of her wages by a lesser percentage, it is hereby ordered that the garnishee pay a sum equal to twenty-five percent (25%) of defendant's net disposable weekly earnings to plaintiff. Payments are to be made to the United States Department of Justice, and shall continue to be made until the debt to plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to defendant, or until further order of this Court.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 18, 2005
Central Islip, New York

Copies to:

Hayt, Hayt & Landau
1600 Stewart Avenue
Westbury, New York 11590

Mullen & Iannarone, P.C.
300 E. Main Street, Suite 3
Smithtown, New York 11787

Lisa A. Beaubian
99-26 211th Street
Queens Village, New York 11429

---

[3] The minimum wage in New York State is currently $6.00.

Martin De Porres School
136-25 218th Street
Springfield Gardens, New York 11413